1  Robert J. Feldhake, Esq. (CA State Bar No. 107380)
   Jason D. Annigian, Esq. (CA State Bar No. 208876)
2  Kevin E. Mueller, Esq. (CA State Bar No. 186169)
   FELDHAKE ROQUEMORE, LLP
3  19900 MacArthur Blvd., Suite 850
   Irvine, California 92612
4     (949) 553-5000

5  Corby D. Arnold, Esq.
   CORBY D. ARNOLD, ESQ.
6  PROFESSIONAL CORPORATION
   State Bar No. 000132
7  2965 S. Jones Blvd. - Suite A
   Las Vegas, Nevada 89146
8     (702) 951-5111

9  Attorneys for Defendant

10

11                  UNITED STATES DISTRICT COURT

12                      DISTRICT OF NEVADA

13  EDWARD G. WEBB, an individual,        )  CV-S-05-0917-JCM-PAL
                                          )
14             Plaintiff,                 )
                                          )
15       v.                               )
                                          )
16  JAMES J. KUBICKA, an individual, DOE  )  NOTICE OF REMOVAL OF NEVADA STATE
    INDIVIDUALS I-X and ROE COMPANIES, I- )  COURT ACTION TO THE UNITED STATES
17  X,                                    )  DISTRICT COURT FOR THE DISTRICT OF
                                          )  NEVADA
18             Defendants.                )
                                          )
19                                        )
                                          )

20

21

22       TO:   THE CLERK OF THE ABOVE-ENTITLED COURT:

23       PLEASE TAKE NOTICE that specially appearing Defendant, James J. Kubicka

24  (hereinafter "Kubicka") hereby removes to this Court the state court action described below.

25       1.    On July 8, 2005, Plaintiff, Edward G. Webb (hereinafter "Webb") commenced

26  an action in the District Court, Clark County, Nevada, entitled Edward G. Webb, an

27  individual, v. James J. Kubicka, an individual, Case Number A506593. A copy of the

28  Complaint is attached hereto as Exhibit "A."

2.  The first date upon which Defendant received a copy of the said complaint was July 18, 2005 when counsel for Defendant accepted service on behalf of Defendant and was served with a copy of the said complaint and a summons from the said state court. A copy of the summons is attached hereto as Exhibit "B." The Summons and Complaint are the only pleadings served on the Defendant to date.

3.  This Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332, and Defendant is entitled to remove the action to this Court pursuant to the 28 U.S.C. § 1441, because (a) this is a civil action between (b) parties of diverse citizenship (Nevada citizen versus California citizen), and (c) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs in that the Complaint alleges that Defendant owes Webb a sum in excess of $300,000 as of the date of the Complaint. (Complaint, ¶16.)

4.  According to Paragraph 1 of his Complaint, Plaintiff alleges that "At all times mentioned herein, Plaintiff EDWARD G. WEBB was a resident of the State of Nevada." Defendant is informed and believes that this allegation is true as to Plaintiff's current residence. (Complaint, ¶1.) Defendant is informed and believes that Plaintiff was and still is a citizen of the State of Nevada.

5.  According to Paragraph 2 of the Complaint, Plaintiff further alleges Defendant to be a "resident of the State of California." Defendant is aware that this allegation was and still is true. Further, Defendant was and is a citizen of the State of California at the time of commencement of this action in Nevada state court and at the time of this application for removal. (Complaint, ¶2.)

6.  Defendant is the only defendant that Plaintiff has named and served with a summons and complaint in this action.

7.  Defendant is neither a citizen or a resident of the State of Nevada.

///

///

///

///

8. In Paragraph 16 of the Complaint, Plaintiff alleges that "Kubicka owes Webb a sum in excess of $300,000.00, which continues to accrue at a rate of 12% per annum." (Complaint, ¶16.)

Dated this 28 day of July 2005.

Respectfully submitted,

CORBY D. ARNOLD, ESQ., P.C.

By: _____
Corby Arnold, Esq.
State Bar No. 000132
2965 South Jones Blvd., Suite A
Las Vegas, Nevada 89146
(702) 951-5111 (telephone)
(702) 951-5112 (facsimile)

Robert J. Feldhake, Esq. (CA State Bar No. 107380)
Jason D. Annigian, Esq. (CA State Bar No. 208876)
Kevin E. Mueller, Esq. (CA State Bar No. 186169)
FELDHAKE ROQUEMORE, LLP
19900 MacArthur Blvd., Suite 850
Irvine, California 92612
(949) 553-5000
(949) 553-5098

Attorneys for Defendant JAMES J. KUBICKA

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing NOTICE OF REMOVAL OF NEVADA STATE COURT ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA has been served by regular U.S. Mail, postage prepaid this 28 day of July 2005 upon:

Gregory A. Miles
WOODS ERICKSON WHITAKER & MILES LLP
1349 Galleria Drive, Suite 200
Henderson, Nevada 89014
Tel: 702.433.9696
Fax: 702.434.0615
Attorneys for Plaintiff
Edward G. Webb

_____
An Employee of
CORBY D. ARNOLD, ESQ., P.C.

1  **COMP**
Gregory A. Miles
2  Nevada Bar No. 4336
**WOODS ERICKSON**
3  **WHITAKER & MILES LLP**
1349 Galleria Drive, Suite 200
4  Henderson, NV 89014
(702) 433-9696
5
Attorneys for Plaintiff
6  Edward G. Webb

FILED

Jul 8  4 10 PM '05

Shirley B. Parraguirre
CLERK

# DISTRICT COURT

## CLARK COUNTY, NEVADA

EDWARD G. WEBB, an individual )
)
             Plaintiff, )
)
vs. )
)
JAMES J. KUBICKA, an individual, DOE )
INDIVIDUALS I-X and ROE COMPANIES, I-V, )
)
             Defendants. )
)

Case No.: **A506593**
Dept. No.: **XV**

Arbitration Exemption Requested
Amount in Dispute Exceeds $40,000

## COMPLAINT

COMES NOW, Plaintiff EDWARD G. WEBB, by and through his counsel of record, Woods Erickson Whitaker & Miles LLP, and in support of his causes of action against Defendant JAMES J. KUBICKA, an individual, asserts and alleges as follows:

///

///

///

///

///

1

**EXHIBIT A**

## GENERAL ALLEGATIONS

1. At all times mentioned herein, Plaintiff EDWARD G. WEBB (hereinafter "Webb") was a resident of the State of Nevada.

2. At all times mentioned herein, Defendant JAMES J. KUBICKA (hereinafter "Kubicka") was and is a resident of the State of California. KUBICKA has sufficient contacts to be subject to the jurisdiction of Nevada courts. Specifically, Kubicka executed the contracts that are the subject of this litigation in Las Vegas, Nevada.

3. The true names and capacities of DOES I-X and ROE COMPANIES I-V, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by fictitious names. Plaintiff is informed and believe, and thereon alleges, that each of the Defendants designated herein as a DOE or ROE is responsible in some manner for the events and happenings herein referenced and caused the damages proximately thereby to Plaintiff as herein alleged; that Plaintiff will ask leave of Court to amend this Complaint to insert the true names and capacities of said Defendant DOES I through X and ROE CORPORATIONS I through V, inclusive, when the same has been ascertained by Plaintiff, together with appropriate charging allegations, and to join such Defendants in this action.

4. On or about the $25^h$ day of April, 1992, Kubicka executed two promissory notes in favor of Webb.

5. The first April 25, 1992 promissory note was executed by Kubicka in exchange for Webb's agreement to lend Kubicka $126,060.00 (the "first promissory note"). Pursuant to the promissory note, Kubicka was to repay Webb the principal sum of $126,060.00 payable at a rate of $1,000.00 or more on the first day of each succeeding month with interest from date until the principal sum was fully paid at a rate of 12 % per annum.

6. The first promissory note indicated that the entire amount of principle and interest owing under the loan was due and payable in full to Webb on the January 2, 1993.

2

**EXHIBIT A**

7. The second April 25, 1992 promissory note was executed by Kubicka in exchange for Webb's agreement to loan Kubicka $55,000.00 (the "second promissory note"). Pursuant to the second promissory note, Kubicka was to repay Webb the principal sum of $55,000.00 at a rate of $4,600.00 or more on the first day of the each succeeding month with interest from date until the principal sum was fully paid at a rate of 12% per annum.

8. The second promissory note indicated that the entire amount of principle and interest owing under the loan was due and payable in full to Webb on August 1, 1992.

9. Following the execution of the promissory notes, Webb fulfilled his obligations therein by loaning money to Kubicka under each promissory note.

10. Kubicka made payments to Webb from April 30, 1992 through October 1, 1993, totaling about $59,000.00. These payments satisfied Kubicka's second promissory note and further repaid a small portion of Kubicka's obligation under the first promissory note.

11. On or about October 1, 1993, with in excess of $90,000 still owed to Webb, Kubicka stopped making payments on the first promissory note. No additional payments were made between October 1, 1993 and September 9, 2004.

12. On or about August 16, 1999, Kubicka sent correspondence to Webb reaffirming his debt to Webb and stating that he intended to resume repaying his debt to Webb in or February of 2000.

13. On or about June 10, 2000, Kubicka executed another promissory note in Las Vegas, Nevada, wherein he reaffirmed his debt owed to Webb. By executing this instrument, Kubicka acknowledged owing Webb a principal sum of $207,000.00 at an interest rate of 12% per annum. However, Kubicka failed to make any further payments on this debt.

14. On or about September 18, 2003, Kubicka executed yet another promissory note in Las Vegas, Nevada, wherein he again reaffirmed his debt owed to WEBB. By executing this instrument, Kubicka acknowledged owing Webb a principal sum of $302,122.00 at an interest

3

**EXHIBIT A**

1 rate of 12% per annum.

2     15. From September 9, 2004 through February 4, 2005, Kubicka made monthly
3 payments to Webb. Thereafter, Kubicka again stopped making payments.

4     16. Interest continues to accumulate on the September 18, 2003 promissory note
5 executed by Kubicka in favor of Webb. As of the date of this Complaint, Kubicka owes Webb a
6 sum in excess of $300,000.00, which continues to accrue at a rate of 12% per annum.

7     17. Webb has made repeated demands for full payment from Kubicka. However,
8 Kubicka had neglected and/or refused to do so.

### FIRST CAUSE OF ACTION

(Breach of Contract Against Kubicka)

11     1. Plaintiff repeats and realleges those facts set forth in its General Allegations as
12 though more fully set forth herein.

13     2. By reason of Kubicka's failure to pay all amounts owing under the September 18,
14 2003 promissory note, Kubicka has materially breached his contractual obligations.

15     3. By reason of Kubicka's material breach of the September 18, 2003 promissory
16 note, Webb has been damaged in an amount in excess of $10,000.00, and is entitled to a judgment
17 against Kubicka in an amount to be proven at the time of trial.

18     4. By reason of Kubicka's breach of contract, Webb was forced to retain the services
19 of an attorney to prosecute this action. Webb is contractually entitled to recover reasonable
20 attorney's fees and court costs from Kubicka for having to prosecute this action.

### SECOND CAUSE OF ACTION

(Breach of Covenant of Good Faith and Fair Dealing
Against Kubicka)

24     1. Plaintiff repeats and realleges those facts set forth in its General Allegations and First
25 Cause of Action, as though more fully set forth herein.

4

**EXHIBIT A**

1  2.  By reason of Kubicka's failure to satisfy his contractual obligations, Kubicka has
2  violated his covenant of good faith and fair dealing, which is inherent in every contract entered
3  into in the State of Nevada.

4  3.  By reason of Kubicka's breach of his covenant of good faith and fair dealing,
5  Webb has been damaged in an amount in excess of $10,000.00, and is entitled to a judgment
6  against Kubicka in an amount to be proven at the time of trial.

7  4.  By reason of Kubicka's breach of its covenant of good faith and fair dealing,
8  Webb was forced to retain the services of an attorney to prosecute this action. Webb is entitled to
9  recover his reasonable attorney's fees and court costs from Kubicka.

10  WHEREFORE, Plaintiff EDWARD WEBB prays for judgment against Defendant
11  JAMES KUBICKA as follows:

12  1.  For an award of damages arising from Kubicka's breach of contract in an amount to
13     be proven at the time of trial;

14  2.  For damages arising from Kubicka's breach of its covenant of good faith and fair
15     dealing in an amount to be proven at the time of trial;

16  3.  For an award of attorney's fees and costs of court;

17  4.  For prejudgment and post judgment interest on all sums awarded to Plaintiff in this
18     action; and

19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /

5

**EXHIBIT A**

5. For such other and further relief as the Court may deem necessary or appropriate in this action.

DATED this 7th day of July, 2005,

WOODS ERICKSON WHITAKER & MILES LLP

GREGORY A. MILES, ESQ.
Nevada Bar No. 4336
1349 Galleria Drive, Suite 200
Henderson, Nevada 89014

Attorneys for Plaintiff

6

**EXHIBIT A**

SUMM

# District Court

CLARK COUNTY, NEVADA

ED WEBB, an individual

Plaintiff,

vs.

JAMES J. KUBICKA, an individual, DOE
INDIVIDUALS I-X and ROE COMPANIES I-V,

Defendants.

CASE NO.      A 506593
DEPT. NO.     XV
DOCKET:

## SUMMONS

**NOTICE: YOU HAVE BEEN SUED, THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### JAMES J. KUBICKA

1. If you intend to defend this lawsuit, within 20 days after this summons is served upon you exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

Gregory A. Miles, Esq.    NV Bar No. 4336
Woods & Erickson Whitaker & Miles, LLP
1349 Galleria Drive, Suite 200
Henderson, NV 89014
(702) 433-9696
Attorney for Plaintiff

By: Brett Bryngton
DEPUTY CLERK
County Courthouse
200 S Third St 2nd Fl.
PO Box 552511
Las Vegas NV 89155-2511

JUL 20 2005
Date

**NOTE:** When service is by publication, add a brief statement of the object of the action.
See Rules of Civil Procedure, Rule 4(b)

**EXHIBIT B**